United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENSION PLAN FOR PENSION TRUST FUND FOR OPERATING ENGINEERS; RICHARD PIOMBO, and RUSSELL E. BURNS, as Trustees,<br><br>Plaintiffs,<br><br>v.<br><br>GALLETTI CONCRETE, INC., a California corporation; GALLETTI PROPERTIES, LLC, a California limited liability company; GALLETTI BROTHERS PROPERTIES, a California general partnership; JOHN O. GALLETTI, as an individual; ROBERT R. GALLETTI, as an individual; GEORGE E. GALLETTI, as an individual; and DOES 1-20,<br><br>Defendants. | No. CV 13-3176 SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND** |

Defendants' motion to dismiss plaintiffs' complaint is scheduled for hearing on September 20, 2013. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS the motion to dismiss with leave to amend. If plaintiffs wish to amend their complaint, they must do so by **October 20, 2013.**

**BACKGROUND**

This is an action under the Employment Retirement Income Security Act of 1974 ("ERISA"). On July 10, 2013, 0plaintiffs Pension Plan for Pension Trust Fund for Operating Engineers ("Trust") and Richard Piombo and Russell E. Burns, trustees of the Trust, filed a complaint against defendants Galletti Concrete, Inc. ("Galletti Concrete"), Galletti Properties, LLC ("Galletti LLC"), Galletti Brothers Properties ("Galletti Partnership"), John O. Galletti, Robert R. Galletti, and George E. Galletti.

Plaintiffs allege that the Trust is an "employee benefit plan," an "employee benefit pension plan," and a "multiemployer plan" as defined under ERISA. Compl. ¶ 1. Non-party Galletti & Sons, Inc. f/d/b/a Galletti Concrete Pumping Inc. ("Galletti & Sons") was a participating employer in the Trust pursuant to a collective bargaining agreement. *Id.* ¶¶ 3, 14. In September 2012, Galletti & Sons filed for bankruptcy, resulting in its withdrawal from the Trust and placing an automatic stay as to any action against it. *Id.* ¶¶ 3, 15. In a letter dated January 23, 2013, plaintiffs assessed withdrawal liability of $2,392,972 against defendants Galletti Concrete, Galletti LLC, and Galletti Partnership. *Id.* ¶ 16. Plaintiffs allege that defendants Galletti Concrete, Galletti LLC, and Galletti Partnership are within the same control group as non-party Galletti & Sons. *Id.* ¶ 8.

Plaintiffs allege that defendants never made any withdrawal liability installment payments and are in default under ERISA § 4219(c)(5). Compl. ¶¶ 18-19. Plaintiffs also allege that defendants failed to provide the requested and required information regarding entities and persons within the same control group as non-party Galletti & Sons. *Id.* ¶ 20.

In the complaint, plaintiffs allege three causes of action against defendants: (1) withdrawal liability in violation of 29 U.S.C. § 1381; (2) engaging in transactions to evade and avoid withdrawal liability within the meaning of 29 U.S.C. § 1392(c); and (3) failure to provide requested information in violation of 29 U.S.C. § 1399(a). Presently before the Court is defendants' motion to dismiss the complaint for failure to state a claim or in the alternative for a more definite statement.[1]

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. "A

---

[1] On August 16, 2013, defendants Galletti LLC, Galletti Partnership, John O. Galletti, and George E. Galletti filed a motion to dismiss the complaint. Docket No. 21. Also on August 16, 2013, defendant Robert R. Galletti joined the other defendants' motion to dismiss. Docket No. 22.

2

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

In reviewing a Rule 12(b)(6) motion, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. *See al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). However, a district court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir.2008). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal, 556 U.S. at 678.* In considering a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings. *See MGIC Indemn. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**I.      Control Group Under ERISA**

Defendants argue that the complaint should be dismissed because plaintiffs fail to properly allege that the defendants are within the same group as the withdrawing employer, non-party Galletti & Sons. Defendants' Motion to Dismiss (Docket No. 21-1, "Def. Mot.") at 3-8. Plaintiffs respond that their allegations are sufficient and that defendants cannot challenge their control group status because they failed to initiate arbitration. Plaintiffs' Opposition to Defendants' Motion to Dismiss (Docket No. 24, "Pl. Opp'n") at 7-8.

3

The Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA") amended ERISA and was enacted to reduce the incentive for employers to terminate their affiliation with multiemployer pension plans. *H.C. Elliott, Inc. v. Carpenters Pension Trust Fund*, 859 F.2d 808, 810 (9th Cir. 1988). The MPPAA imposes withdrawal liability on an "employer" which withdraws from a multiemployer pension plan. *Resilient Floor Covering Pension Fund v. M&M Installation, Inc.*, 630 F.3d 848, 851 (9th Cir. 2010) (citing 29 U.S.C. § 1381). Under 29 U.S.C. § 1301(b)(1), "all employees of trades or businesses (whether or not incorporated) which are under common control shall be treated as employed by a single employer and all such trades and businesses as a single employer." Therefore, all employers under common control are jointly and severally liable for all such employers' withdrawal liability. *See Bd. of Trs. of W. Conference of Teamsters Pension Trust Fund v. Lafrenz*, 837 F.2d 892, 893 (9th Cir. 1988); *Auto. Indus. Pension Trust Fund v. Fitzpatrick Chevrolet Inc.*, 833 F. Supp. 2d 1162, 1164 (N.D. Cal. 2011).

### A.  MPPAA's Arbitration Requirement

As an initial matter, plaintiffs argue that defendants cannot challenge their control group status because they failed to participate in arbitration. Pl. Opp'n at 4, 7-8. Under 29 U.S.C. § 1401(a)(1), "'[a]ny dispute over withdrawal liability as determined under the enumerated statutory provisions shall be arbitrated.'" *Teamsters Pension Trust Fund-Board of Trustees v. Allyn Transp. Co.*, 832 F.2d 502, 504 (9th Cir. 1987). "If an employer fails to initiate arbitration, the employer waives the opportunity to assert any defenses that could have been raised before the arbitrator." *Pension Plan for Pension Trust Fund v. Weldway Constr., Inc.*, 920 F. Supp. 2d 1034, 1044 (N.D. Cal. 2013) (citing *Allyn*, 832 F.2d at 505).

Although it appears that the Ninth Circuit has not yet directly addressed this issue,[2] several other circuit courts have held that issue of whether a defendant is an employer within the meaning of MPPAA is a matter of law for the court to decide, not the arbitrator. *See N.Y. State Teamsters Conference*

---

[2] In *Allyn*, the Ninth Circuit found that a control group member could be held responsible in default for the withdrawing party's liability where no arbitration was initiated. 832 F.2d at 506-07. However, in *Allyn*, the Court only addressed the issue of whether the notice to this member of the control group was sufficient, and not whether the member could challenge its status as an "employer" in the district court. *See id.*

4

*Pension & Ret. Fund v. Express Servs. Inc.*, 426 F.3d 640, 645 (2d Cir. 2005); *Galgay v. Beaverbrook Coal Co.*, 105 F.3d 137, 142 (3d Cir. 1997); *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 122 (4th Cir. 1991); *Rheem Mfg. Co. v. Central States Southeast and Southwest Areas Pension Fund*, 63 F.3d 703, 706 (8th Cir. 1995); *Carriers Container Council, Inc. v. Mobile S.S. Ass'n Inc.-Intern. Longshoreman's Ass'n, AFL-CIO Pension Plan and Trust*, 896 F.2d 1330, 1345 (11th Cir. 1990). There is an exception to this rule[3]: if the parties dispute whether an entity has ceased to be an "employer" under the MPPAA, rather than whether the entity has ever become an employer, that dispute must be resolved in arbitration. *See Galgay*, 105 F.3d at 141; *Centra*, 947 F.2d at 122. Based on the allegations in the complaint, it does not appear that this exception applies. Therefore, the Court declines to hold that defendants are barred from challenging plaintiffs' control group allegations.

### B. Common Control

"Common control requires that the same group of people or organizations (1) own a controlling interest in each business alleged to be under *common control*, and (2) accounting only for identical ownership, the same group of people or organizations are in *effective control* of each business alleged to be under common control." *Fitzpatrick Chevrolet*, 833 F. Supp. 2d at 1165 (citing 26 C.F.R. § 1.414(c)-2(a), (c)) (emphasis in original). 26 C.F.R. § 1.414(c)-2(a) defines common control as "any group of trades or businesses which is . . . a 'brother-sister group of trades or businesses under common control' as defined in paragraph (c) of this section." 26 C.F.R. § 1.414(c)-2(c) defines a brother-sister group as "two or more organizations conducting trades or businesses if (i) the same five or fewer persons who are individuals, estates, or trusts own (directly and with the application of § 1.414(c)-4) a controlling interest in each organization, and (ii) taking into account the ownership of each such person only to the extent such ownership is identical with respect to each such organization, such persons are in effective control of each organization." *Accord CMSH Co. v. Carpenters Trust Fund*, 963 F.2d 238, 240-41 (9th Cir. 1992).

---

[3] Plaintiffs' opposition primarily cites cases where the court found that the exception to this rule applied. *See* Pl. Opp'n at 7-8.

5

Under 26 C.F.R. § 1.414(c)-2(b)(2)(i)(A), a "controlling interest" in a corporation is defined as "ownership of stock possessing at least 80 percent of total combined voting power of all classes of stock entitled to vote of such corporation or at least 80 percent of the total value of shares of all classes of stock of such corporation." Under 26 C.F.R. § 1.414(c)-2(c)(2)(i), "effective control" of a corporation is defined as when the group of people owning the corporations alleged to be in common control "own stock possessing more than 50 percent of the total combined voting power of all classes of stock entitled to vote or more than 50 percent of the total value of shares of all classes of stock of such corporation."

Plaintiffs allege that defendants John O. Galletti, Robert R. Galletti, and George E. Galletti are the sole owners, i.e. 100% owners, of defendants Galletti Concrete, Galletti LLC, Galletti Partnership, and non-party Galletti & Sons. Compl. ¶ 8. Defendants argue that these allegations are too conclusory to plead common control. Def. Mot. at 5. However, in evaluating a motion to dismiss, the Court must take these allegations regarding ownership of the entities as true. *See al-Kidd*, 580 F.3d at 956. Therefore, plaintiffs have sufficiently pleaded common control.

### C.     Trade or Business

"ERISA does not contain a definition of the term 'trade or business.'" *Carpenters Pension Trust Fund for N. Cal. v. Lindquist*, 2011 U.S. Dist. LEXIS 78193, at *12 (N.D. Cal. Jul. 19, 2011), *aff'd* 491 Fed. App'x 830 (9th Cir. 2012). 29 U.S.C. § 1301(b)(1) provides that the phrase "trades or businesses (whether or not incorporated) which are under common control" has the same meaning as that provided in the regulations promulgated under section 414(c) of the Internal Revenue Code. *Lafrenz*, 837 F.2d at 894 n.6. "However, 'trade or business' is not clearly defined in either section 414(c) or the regulations promulgated thereunder." *Lindquist*, 2011 U.S. Dist. LEXIS 78193, at *12. The Ninth Circuit has provided little guidance as to what qualifies as a "trade or a business" under section 1301(b)(1) except to state that it is an essentially factual inquiry.[4] *Lafrenz*, 837 F.2d at 894 n.6 (holding

---

[4] Defendants argue that the Court should use the Supreme Court's definition of "trade or business" in *Comm'r v. Groetzinger*, 480 U.S. 23 (1987) in evaluating plaintiffs' allegations. Def. Mot. at 7. In *Groetzinger*, the Supreme Court interpreted Internal Revenue Code §§ 162(a) and 62(1) and held that to qualify as a "trade or business" under those two sections, the entity must be involved in an activity with continuity and regularity and that the entity's primary purpose for engaging in the activity must be for income or profit. *Id.* at 35. However, in *Groetzinger*, the Supreme Court expressly stated

6

that a truck leasing operation constituted a "trade or business"); *see also Lindquist*, 2011 U.S. Dist. LEXIS 78193, at *12-20 (holding that a leasing arrangement between the defendant and the withdrawing entity constituted a "trade or business").

Plaintiffs do not allege any facts regarding defendants Galletti Concrete, Galletti LLC, and Galletti Partnership's business operations in the complaint, in particular whether the businesses receive income or are run for profit. The complaint merely alleges that Galletti Concrete is a California corporation, Galletti LLC is a California limited liability company, and Galletti Partnership is a California general partnership. Compl. ¶¶ 4-6. Plaintiffs argue that based on these allegations it is reasonable to infer that these entities engage in activities for the purpose of profiting. Pl. Opp'n at 7. However, a complaint must contain more than labels and conclusions, it must contain sufficient factual allegations to state a claim that has facial plausibility. *Iqbal*, 556 U.S. at 678. Plaintiffs have presented the Court with judicially noticeable documents in an effort to support their allegations, but these documents are merely grant deeds showing that defendant Galletti Partnership and non-party Galletti & Sons own real property and took out lines of credit on those properties. Docket No. 25, Plaintiffs' Request for Judicial Notice Exs. B-C; *see also* Compl ¶ 27. The mere ownership of property without more is insufficient to constitute a "trade or business." *See Central States, Southeast & Southwest Areas Pension Fund v. Fulkerson*, 238 F.3d 891, 895-96 (7th Cir. 2001); *Sun Capital Partners III*, 2013 U.S. App. LEXIS 15190, at *29; *see also Lindquist*, 2011 U.S. Dist. LEXIS 78193, at *12 ("*Lafrenz* does indicate that there are some types of investments that might be too "passive" to qualify as a trade or business under ERISA"). Plaintiffs do not allege that defendants received income or profits from the properties. Therefore, plaintiffs have failed to properly allege that Galletti Concrete, Galletti LLC, and Galletti Partnership each are a "trade or business" under the MPPAA, and, thus, plaintiffs have failed to properly allege that these defendants are jointly and severally liable for non-party Galletti & Sons' withdrawal.

---

that its interpretation of the phrase "trade or business" was confined to the specific sections of the Internal Revenue Code at issue in that case. *Id.* at 27 n.8. In addition, the First Circuit and judges in this district have declined apply *Groetzinger*'s definition of "trade or business" to Section 1301(b)(1). *See, e.g.*, *Lindquist*, 2011 U.S. Dist. LEXIS 78193, at *3 n.7; *Sun Capital Partners III, LP v. New England Teamsters & Trucking Indus. Pension Fund*, 2013 U.S. App. LEXIS 15190, at *38-39 (1st Cir. Jul. 24, 2013). Therefore, the Court declines to apply *Groetzinger*'s definition of "trade or business" in this case.

In addition, plaintiffs allege that defendants John O. Galletti, Robert R. Galletti, and George E. Galletti as partners of Galletti Partnership are liable for the withdrawal under California Corporation Code §16306(a). Compl. ¶ 9. Under § 16306(a), all partners are liable jointly and severally for all obligations of the partnership. Cal. Corp. Code § 16306(a). But, because plaintiffs have failed to properly that Galletti Partnership is liable for the withdrawal, plaintiffs have also failed to properly allege that these individual defendants are liable for non-party Galletti & Sons' withdrawal.

In sum, because plaintiffs have failed to allege the defendants are within the same control group as the withdrawing entity, plaintiffs have failed to sufficiently allege that defendants are "employers" under ERISA and the MPPAA. *See* 29 U.S.C. § 1301(b)(1). Accordingly, the Court grants defendants' motion to dismiss plaintiffs' complaint.

## II. Defendant's 12(e) Motion For a More Definitive Statement

Defendants also move for a more definitive statement pursuant to Federal Rule of Civil procedure 12(e). Def. Mot. at 6. Because the Court grants defendants' motion to dismiss, the Court denies as moot defendants' Rule 12(e) motion.

## CONCLUSION

Accordingly, the Court GRANTS defendants' motion to dismiss the complaint and GRANTS plaintiffs leave to amend the complaint. Docket No. 21. If plaintiffs wish to amend the complaint, plaintiffs must do so by **October 20, 2013**.

**IT IS SO ORDERED.**

Dated: September 19, 2013

SUSAN ILLSTON
United States District Judge

8